```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

MESHELL TAYLOR,                  )
                                 )
            Plaintiff,           )
                                 )
      v.                         )      No. 11 C 2167
                                 )
CITY OF BERWYN, et al.,          )
                                 )
            Defendants.          )
```

MEMORANDUM ORDER

City of Berwyn ("City") has filed its Answer to the Complaint brought against it and a number of other defendants by Meshell Taylor ("Taylor"). This memorandum order is issued sua sponte to address an error that permeates that responsive pleading (it recurs in fully one-third of the 102 paragraphs in response to the same number of paragraphs in Taylor's Complaint - and that ratio is even higher if paragraphs of the Complaint that City asserts are not directed toward it are excluded from the denominator).

But before this Court turns to that repeated flaw in the Answer, a problem with the Complaint should be dealt with. Complaint ¶ 3 purports to invoke diversity jurisdiction in addition to the principal gravamen of Taylor's claims, 42 U.S.C. § 1983. But Taylor's counsel obviously does not understand the requirement of <u>total</u> diversity (which is clearly absent here), and so Complaint ¶ 3 is stricken.

To turn then to the principal reason for this memorandum

order, City's counsel has inexplicably strayed from the clear path marked out by Fed.R.Civ.P. ("Rule") 8(b)(5) for any defendant that seeks the benefit of a deemed denial in place of the admission or actual denial that is demanded by Rule 8(b)(1)(B). All of those improper disclaimers (see App'x ¶ 1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)) are stricken from Answer ¶¶ 11, 12, 14-30, 36-46, 48, 49, 58 and 62. Leave is granted to file a self-contained Amended Answer[1] on or before May 16, 2011.

While City's counsel are at it, they should also note the Answer's inadvertent omission of any response to Complaint ¶ 54. That unintended error should also be corrected in the Amended Answer.

No charge is to be made to City by its counsel for the added work and expense incurred in correcting counsel's errors. City's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
     Milton I. Shadur
     Senior United States District Judge

Date: May 4, 2011

---

[1] That is far preferable to filing an amendment to the existing Answer, given the large number of paragraphs involved.