IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

MESHELL TAYLOR,                 )
                                )
          Plaintiff,            )
                                )
     v.                         )    No. 11 C 2167
                                )
CITY OF BERWYN, et al.,         )
                                )
          Defendants.           )

                       MEMORANDUM ORDER

     Neither this Court nor, to its knowledge, any of its colleagues derives any satisfaction from the criticism or implied criticism of counsel that is associated with correcting counsel's pleading mistakes.  It must be said, though, that it is really troubling when, as here, a lawyer has ignored the directives contained in such a corrective order and generates a flawed second product.

     In this instance this Court's brief May 4 memorandum order ("Order") identified some problematic aspects of the Answer filed by codefendant City of Berwyn ("City") to the Complaint filed by Meshell Taylor ("Taylor").  After pointing out those problems, the Order directed that a self-contained Amended Answer--not an amendment to the existing Answer--be filed by City's counsel. There is of course an obvious reason for that:  It facilitates the review of the responsive pleading by reading a single document, rather than Taylor's counsel and this Court being required to flip back and forth between two documents to see the

entirety of the responsive pleading.

Despite that directive, underscored as it was by the addition of n.1 to the Order, City's counsel has tendered a piecemeal filing. This Court would have ignored that failure to follow instructions, however, if it were not for a more troubling aspect of the new filing.

In principal part the Order drew counsel's attention to the repeated flawed use of the disclaimer provision marked out by Fed. R. Civ. P. ("Rule") 8(b)(5). But what City's counsel has done now is really impermissible--instead of counsel conforming to the clear Rule 8(b)(5) roadmap, she has replaced all of the disclaimers contained in the original Answer by flat-out denials of Taylor's allegations. Just how, pray tell, can City claim to have derived knowledge as to the asserted lack of truth of Taylor's allegations in the short time that has intervened between the original Answer and the current filing?

Pleading in the federal system should be regarded as serious business, not as a pro forma exercise. That is why Rule 11 imposes an obligation of both subjective and objective good faith on every federal filer.

Here it is abundantly clear that some of the matters that Taylor alleges are beyond City's ken, so that no good-faith outright denial can be advanced.[1] No view is expressed by this

---

[1] Indeed, just reading a number of the "denied" allegations reveals that it is truly impossible for City to have enough knowledge (or even information) to deny the allegations in good

Court as to what the proper responses should be, but City's counsel must return to the drawing board, this time filing the previously-required self-contained full Amended Answer.

As before, no charge is to be made to City by its counsel for the added work and expense incurred in correcting counsel's own errors. City's counsel are ordered to deliver copies of the Order and of this memorandum order to City, as well as complying with the last sentence of the Order.[2]

                                          /s/ Milton I. Shadur
                                          Milton I. Shadur
                                          Senior United States District Judge

Date: May 18, 2011

---

faith.

[2] This Court is uncertain whether counsel complied with that directive the first time around--the Amended Answer was filed electronically two days ago, so that not enough time has passed for the mail delivery of the required letter to this Court's chambers.