```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF ILLINOIS
                  EASTERN DIVISION

MESHELL TAYLOR,                  )
                                 )
          Plaintiff,             )
                                 )
     v.                          )   No.  11 C 2167
                                 )
CITY OF BERWYN, et al.,          )
                                 )
          Defendants.            )
```

MEMORANDUM ORDER

Each of five police officer defendants in this 42 U.S.C. §1983 ("Section 1983") action brought by Meshell Taylor ("Taylor")--Anthony Gennett ("Gennett"), Ramon Ortiz, Robert Sepe, James Kenny and John O'Halloran--has filed a separate 30-plus page Answer to Taylor's 104-paragraph First Amended Complaint ("Complaint"). This memorandum order is prompted by a few problematic aspects of those responsive pleadings.

To begin with, all five of those defendants are represented by the same law firm--indeed, their interests are substantially parallel (though, as explained later, not entirely so). And that being so, the preparation of separate Answers rather than one combined Answer (differentiating, of course, the responses to Complaint paragraphs that call for separate treatment) was insufficiently thoughtful as to the impact on the readers--Taylor's counsel and this Court. In that respect, when this Court reviews a responsive pleading paragraph by paragraph (as it always does), it is terribly inconvenient to have to repeat that

task separately as to each defendant.

Accordingly this Court strikes all five of the current Answers, without prejudice of course to the filing of a single combined Amended Answer on or before June 24, 2011. In that regard, defense counsel should be ingenious enough to produce a workable joint pleading even where the clients differ in their responses. For example, Gennett's Answer ¶20 (this Court looked at that pleading first, simply because he was the first-listed among the five defendants) is an extended narrative, to which the other defendants can simply add their Fed. R. Civ. P. ("Rule") 8(b)(5) disclaimers.

Meanwhile, some aspects of all eight Affirmative Defenses ("ADs") appended to each Answer also need attention. Here are those aspects:[1]

    1. AD 1, included in each response, is an inappropriate boilerplate repetition of a principle that certainly does not call for such a one-size-fits-all treatment. When Taylor's allegations are taken as true, as they must be for Rule 8(c) purposes (see, e.g., App'x ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001)), at least the officers whom Taylor charges

---

[1] As the ensuing discussion reflects, the fact that the officers were involved in different ways at different times in the events alleged by Taylor should have made it obvious to defense counsel that advancing the identical ADs as to each of them was unwarranted.

2

with having joined codefendant Langley Productions, Inc. in allegedly seeking to extort a television release from Taylor in exchange for a dismissal of ungrounded criminal charges against her, cannot invoke qualified immunity in good faith.[2]

2. AD 2 poses the same problem just discussed as to AD 1 and its n.1. Counsel must be selective among the officer defendants, mindful of the fact (as indicated in AD 3) that the Illinois Tort Immunity Act is unavailable to a party charged with wilful and wanton conduct.

3. AD 3 should not be repeated in generic terms as to all five officers, as it has been here, because at least certain of the officers are clearly charged in the Complaint with wilful and wanton conduct.

4. Although AD 4 may be a fair statement of the law in certain circumstances, it is again necessary for counsel to differentiate among the officer defendants to conform to the different allegations advanced against each of them.

5. AD 5 is insufficiently informative under the

---

[2] This Court is mindful of the consideration set out by defense counsel in n.1 to AD 1. Even though the position stated there as to the possible waiver of a bona fide qualified immunity defense fails to take into account the more recent qualified immunity jurisprudence emanating from the United States Supreme Court, under which a threshold qualified immunity defense may be unavailable where a factual hearing is needed to determine whether such a defense is or is not viable, this Court is not striking an invocation of qualified immunity as such.

principles of notice pleading that are applicable to plaintiffs and defendants alike. If the claim there is to be advanced as to any defendant, it must be fleshed out (for at least in facial terms, the Complaint appears to seek liability against each defendant based on his own conduct).

    6. What has just been said as to AD 5 applies to AD 6 as well.

    7. Any claim of failure to mitigate damages is totally speculative at this time. It does <u>not</u> represent a currently assertable affirmative defense.

    8. Finally, AD 8 is also entirely speculative and premature. It too should be omitted in counsel's rewrite.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 9, 2011